IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Anthony M. Smalls, | ) | Case No. 2:18-cv-02226-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of FCI-Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On February 26, 2019, Respondent filed a motion to dismiss, and Petitioner filed a response in opposition. ECF Nos. 19, 22. On August 13, 2019, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and the Petition be dismissed without prejudice. ECF No. 24. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 28.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal because this Court lacks jurisdiction over the Petition. She found that Petitioner failed to meet the savings clause of 28 U.S.C. § 2255(e). Petitioner objects and argues that his Petition should be allowed because his sentence enhancement under 21 U.S.C. § 851 is invalid pursuant to *Mathis v. United States*, 136 S.Ct. 2243 (2016). He requests that this case be held in abeyance until the United States Supreme Court decides *Shuler v. United States*, which he contends may impact the outcome of this case.

In order to challenge a federal sentence or conviction through § 2241, a petitioner must show under the savings clause of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals has held a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's sentence when:

> (1) at the time of sentencing, settled law of this circuit or the
> Supreme Court established the legality of the sentence; (2)
> subsequent to the prisoner's direct appeal and first § 2255
> motion, the aforementioned settled substantive law changed
> and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions
> of § 2255(h)(2) for second or successive motions; and (4) due
> to this retroactive change, the sentence now presents an error
> sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Here, Petitioner fails to meet

the second prong.

Here, Petitioner relies on *Mathis* and *United States v. Rhodes*, 736 F. App'x 375

(4th Cir. 2018) (per curiam).  As explained in detail by the Magistrate Judge, the Fourth

Circuit Court of Appeals has not held that either *Mathis* or *Rhodes* applies retroactively

on collateral review.   *See, e.g., Davis v. Andrews*, 727 F. App'x 782, 783 (4th Cir. 2018)

(per curiam); *Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (per curiam).  Thus,

Petitioner fails to meet the savings clause.  Accordingly, this Court lacks subject matter

jurisdiction over the Petition.[1]

Thus, the Court adopts the Report of the Magistrate Judge.  The motion to dismiss

[19] is GRANTED and the Petition is **DISMISSED** without prejudice.

### <u>CERTIFICATE OF APPEALABILITY</u>

The governing law provides that:

---

[1] Because this Court lacks jurisdiction over Petitioner's claims, the undersigned
finds that dismissal of this action, rather than holding it in abeyance, is proper.

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

   **IT IS SO ORDERED.**

                                        s/ Donald C. Coggins, Jr.
                                        United States District Judge

September 18, 2019
Spartanburg, South Carolina